[Crim. No. 7128.   Second Dist., Div. Three.   Aug. 31, 1960.]

THE PEOPLE, Respondent, v. ADOLPH LEVERE BURTON, Appellant.

Adolph Levere Burton, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J. — Upon information charging burglary, Adolph Levere Burton and Clifford Jones were convicted, in a trial to the court, of attempted burglary. Burton's motion for new trial was denied and he was sentenced to state prison. His notice of appeal, filed in propria persona, will be deemed an appeal from the order as well as from the judgment.

Upon Burton's application for appointment of counsel on the appeal, the matter was referred to the Los Angeles County Bar Association Committee on Criminal Appeals. A comprehensive review of the record and a report has been received from a member of the committee. Having considered the report and, in accordance with our practice, having read the record, we denied the application for reasons that will hereafter appear. After notification under rules 30 and 17a, Rules on Appeal, defendant has filed a brief claiming insufficiency of the evidence.

There was evidence of the following facts. At about 3 a. m., Officer Schneider, patrolling an alley in the rear of the liquor store of one Sakiyama in Los Angeles, heard the sound of metal striking against stone; he saw two men running into a space between two stores; he called to his partner, Officer Harer, who was in front of the liquor store and ran after the two men, who had just emerged from between the two buildings. The officers called out their identification and demanded that the men stop; Burton stopped but Jones continued on until he was shot and wounded. The two men were taken into custody. Although Officer Schneider did not see the faces of the men before they disappeared between the buildings, Officer Harer saw them emerge and did not lose sight of them until they had been taken into custody. Between 2 a. m., when the store was locked up by the proprietor, and the apprehension of the defendants, a hole had been made in the stucco wall of the building. Samples of stucco taken from the ground at that point were compared with samples of stucco taken from the cuffs of Jones' trousers and they were found to be identical.

Burton testified that he was in a telephone booth at the corner of an alley near the liquor store; he was about to make a telephone call to some unidentified person; he saw a man running; questioned by an officer he indicated the direction

in which the man had run; he and the officer ran after the man but did not overtake him. The officer asked defendant for some identification, but when he could produce none, he stated that he must have lost his wallet when he was running. Upon the stand defendant gave no explanation for being abroad and at the location at 3 a. m. Although he and Jones testified they had not known each other defendant testified that he had been in a good many penal institutions and Jones admitted to having served terms in prison after three prior felony convictions. The court was not required to believe that the two defendants were strangers to each other.

Having before it evidence of the pounding on the wall which was heard by Officer Schneider, that the two men ran away, that the defendants were the only ones in the vicinity other than the officers, that stucco from the wall was found in the cuffs of Jones' trousers, it was a reasonable deduction from the evidence that the defendants were attempting to break into the store and that they ran when they discovered or suspected the presence of police officers. The court could not reasonably have reached any other conclusion.

The judgment and order are affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied September 22, 1960.